UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

ELEXCO LAND SERVICES, INC.,

                                    Plaintiff,

                                                        **DECISION AND ORDER**
                                                             11-CV-214A

                v.

DAVID HENNIG,

                                    Defendant.

═══════════════════════════════════

        On April 11, 2011, defendant David Hennig filed a motion, under Rule 55(c)

of the Federal Rules of Civil Procedure ("FRCP"), to set aside the entry of default

filed against him on April 7, 2011.  In support of his motion, defendant's counsel

cites two types of law office failure.  First, defense counsel claims that he has

been limiting his involvement in the early stages of this case to minimize his

client's legal expenses, and that miscommunication with his client led to a failure

to answer the complaint on time.  Additionally, defense counsel contends that the

process of removing this case from state court before answering the complaint

created confusion in his office, and that he failed to diary a deadline to answer as

a result.  Defense counsel hopes for relief from the entry of default because he

filed an answer and the pending motion immediately after the Clerk of the Court

filed an entry of default, and because the case is in its infancy and can proceed

without causing plaintiff prejudice.  In opposition to the motion, plaintiff asserts

that defense counsel's explanation does not excuse his neglect "and ignores the reality that Defendant affirmatively selected the Western District of New York as the venue for this action despite a contract provision to the contrary.  He should therefore have been prepared to properly defend the action in accordance with all applicable rules."  (Dkt. No. 11 ¶ 3.)

The rule for setting aside an entry of default is straightforward.  "[W]e have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.  These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).  The Court will review each of these factors in turn.

As for willfulness, "[w]e have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless . . . . On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."  *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted).  Putting aside any claims about contractual provisions that required keeping the case in state court—claims that plaintiff may have mooted by declining to make a motion to remand within the time required by 28 U.S.C. § 1447(c)—defense counsel chose to remove the case from New York State Supreme Court, Erie

2

County, to this Court.  As the removing attorney, defense counsel should have known that an answer was due within seven days of the filing of the notice of removal, pursuant to FRCP 81(c)(2).  The failure to diary an important control date such as the due date for an answer was careless.  That said, there appears to be no willfulness associated with the delay in answering such that defendant could be seen as intentionally ignoring plaintiff's complaint.  Further, the case is so new that no proceedings have occurred yet.  Defense counsel cannot be seen as multiplying plaintiff's efforts or delaying to gain any advantage.  Under these circumstances, the Court finds that defendant's default was not willful.  The Court finds further that any prejudice imposed on plaintiff as a result of setting aside the entry of default would be negligible.

Finally, the Court notes that defendant has presented what, at face value, appears to be a meritorious defense.  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.  The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *Enron*, 10 F.3d at 98 (citations omitted); *accord State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citing *Enron*).  Defendant's answer, *inter alia*, contains allegations that plaintiff induced him to enter the non-compete agreement in question with false promises of an ownership share in the company.

Plaintiff likely contests defendant's representations, but the Court need not make credibility findings to find a potentially meritorious defense.  What matters here is that defendant, through his counsel, has raised a facially plausible defense that, if proven, would be a complete defense to the allegations against him.  Under those circumstances, defendant should have an opportunity to explore this defense and other arguments further.

For all of the foregoing reasons, therefore, the Court grants defendant's motion (Dkt. No. 8) to set aside the entry of default against him.  Defendant's answer is accepted.

SO ORDERED.

_s/ Richard J. Arcara_

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: April 25, 2011