UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELEXCO LAND SERVICES, INC.,

                           Plaintiff,

v.

DAVID HENNIG and
INLAND GEOSERVICES LLC,

                           Defendants.

_____

**ORDER**

11-CV-00214-RJA-JJM


       In reviewing the motion by defendant Inland Geoservices, Inc. ("Inland") to dismiss the Amended Complaint for lack of personal jurisdiction [24],[1] it has come to my attention that Inland is a limited liability company. Amended Complaint [17], ¶9. Neither the Amended Complaint nor any other portion of the record thus far contains a statement as to the citizenship of each of Inland's members.

       That raises a question as to whether complete diversity of citizenship exists for purposes of establishing subject mater jurisdiction under 28 U.S.C. §1332 . *See* <u>Laufer Wind Group LLC v. DMT Holdings L.L.C.</u>, 2010 WL 5174953, *1 (S.D.N.Y. 2010) ("Diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record . . . . The parties to this matter are all limited liability companies. Each party is therefore a citizen of any state of which any of its members is a citizen . . . . However, the complaint in this action does not plead the citizenship of any of the

---

     [1]       Bracketed references are to CM/ECF docket entries.

parties' members. In that circumstance, courts in this Circuit have dismissed pleadings for lack of subject matter jurisdiction.")

Although the parties have not raised the issue, "[i]f subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte". Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont  565 F.3d 56, 62-63 (2d Cir. 2009). "The obligation that courts must resolve threshold questions of jurisdiction and standing before proceeding to consider the merits of a claim at any stage of a proceeding is inflexible and without exception." Antwi v. United States, 349 F.Supp.2d 663, 669 (S.D.N.Y. 2004).

Therefore, the parties are ordered to show cause in writing, on or before October 24, 2011, why I should not recommend that this action be dismissed for lack of subject matter jurisdiction. As part of their submission, defendants shall state the name and citizenship of each member of Inland.

DATED: October 14, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

-2-