UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELEXCO LAND SERVICES, INC.,

                         Plaintiff,

v.

DAVID HENNIG and
INLAND GEOSERVICES LLC,

                         Defendants.
_____

**REPORT AND RECOMMENDATION**

11-CV-00214-RJA-JJM

## INTRODUCTION

Pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), defendants David Hennig and Inland Geoservices, LLC ("Inland") have moved to dismiss the claim of plaintiff Elexco Land Services, Inc. ("Elexco") for tortious interference with contractual relations [80].[1] That motion, being dispositive, has been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [15]. For the following reasons, I recommend that the motion be granted, without leave to replead.

## BACKGROUND

The factual background to this action is more fully set forth in my previous Reports and Recommendations [56, 69], and need not be repeated here. In pertinent part, Elexco's second cause of action (for tortious interference with contractual relations) alleges that:

---

[1] Bracketed references are to CM/ECF docket entries.

> "70.   Through his employment with Elexco, Hennig learned of Elexco's client base and was able to develop relationships with Elexco's clients.
>
> 71.   Through Hennig's employment with Elexco, Defendants knew of Elexco's contractual relationships with its clients, as well as the terms of those contracts and how they were obtained.
>
> 72.   Upon information and belief, Defendants Hennig and Inland Geoservices have intentionally, maliciously and without justification acted to deprive Elexco of its existing client relationships and contractual relationships.
>
> 73.   Defendants' interference with Elexco's client relationships and contractual relationships was wrongful and tortious.
>
> 74.   As a result of the tortious actions by Defendants, Elexco has been severely damaged."

Second Amended Complaint [78].

## ANALYSIS

These allegations are identical to those of Elexco's First Amended Complaint ([17], ¶¶41-45). Although I had previously concluded that the allegations "are sufficient to state a colorable claim for tortious interference with contractual relations" (November 17, 2011 Report and Recommendation [56], p. 8 (adopted by Judge Arcara on December 7, 2011 [61])), that statement was made in the context of Inland's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) [24], rather than a motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6).

In fact, I cautioned that in order to defeat a Rule 12(b)(2) motion, "Elexco need only state a colorable cause of action . . . . The 'colorable claim' standard poses a lower threshold for plaintiffs than does the Rule 12(b)(6) standard". November 17, 2011 Report and Recommendation [56], p. 7. I stated that "[i]f Inland wishes to challenge the legal sufficiency of the claims asserted . . ., it should do so through a Rule 12(b)(6) or 12(c) motion". Id., n. 7. Therefore, my earlier observation Elexco stated "a colorable claim for tortious interference with contractual relations" has no bearing upon defendants' pending motion pursuant to Rule 12(b)(6).

In moving to dismiss, defendants state that "[i]n order to allege a cause of action for tortious interference with contractual relations, the plaintiff must allege 'the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." Defendants' Motion ([80-1], ¶7) (quoting Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996)). Elexco agrees that these are the elements of the cause of action. Elexco's Memorandum of Law [86], p. 7 (also citing Lama Holding).

Defendants argue that "there is nothing more than a single bald assertion that defendants 'acted to deprive Elexco of its existing client relationships and contractual relationships' . . . . Nowhere in the Second Amended Complaint does Elexco allege, nor is it the case, that any third-party breached an existing contract with Elexco and did so as a direct result of some alleged improper conduct on the part of either or both Defendants . . . . Instead, in generally making allegations concerning 'Defendants' Post-Termination Conduct' Elexco claims

that Defendants did business with unnamed Elexco clients, but not that such conduct constituted a breach of contract by any of those unnamed Elexco clients." Defendants' Motion ([80-1], ¶8).

Responding to the motion, Elexco focuses solely upon Hennig's breaches of his Employment Agreement with Elexco, and argues that the Second Amended Complaint alleges that Inland "tortiously interfered with Elexco's employment agreement with Hennig . . . by inducing Hennig to breach the Agreement's confidentiality, non-disclosure, and non-competition provisions, as well as the duty of loyalty and good faith and fair dealing". Elexco's Memorandum of Law [86], p. 1.

Although the Second Amended Complaint does allege numerous breaches by Hennig of his employment agreement with Elexco, it does *not* allege that Inland induced those breaches. Indeed, accepting (for purposes of this motion) Elexco's allegations that "Hennig formed Inland" in "breach of the non-competition covenant contained in Hennig's Agreement with Elexco" (Second Amended Complaint [78], ¶¶40, 62), Inland would be the *result,* not the *cause*, of Hennig's breaches of the agreement.

Elexco elsewhere argues that "Hennig's wrongful acts in breach of the Agreement were all induced by Inland, its organizers or agents". Elexco's Memorandum of Law [86], p. 6. Again, however, the Second Amended Complaint does not contain that allegation, nor does Elexco explain how Inland could be liable for the acts of its "organizers", who are not named as parties to this action.

Moreover, while the Second Amended Complaint alleges that "Defendants knew of Elexco's contractual relationships with its clients, as well as the terms of those contracts" ([78], ¶71), it does not allege that any of those contracts have been breached. For all of these

reasons, I conclude that Elexco's Second Amended Complaint fails to state a cause of action for tortious interference with contractual relations.

At the conclusion of its Memorandum of Law [86], Elexco suggests that "if this Court should find that Elexco's Second Amended Complaint does not meet the FRCP 8 standards, Elexco respectfully requests leave to amend its pleading". Id., p. 14. However, Elexco has not formally moved to amend, nor has it furnished a copy of its proposed amended pleading, as required by Loc. R. Civ. P. 15(a). See Clayton v. White Hall School District, 778 F.2d 457, 460 (8th Cir.1985) (holding that "the district court did not abuse its discretion in failing to grant leave to amend" where the plaintiff "did not submit a motion for leave to amend but merely concluded her response to the school district's motion to dismiss with a request for leave to amend" and "did not offer a proposed amended complaint or even the substance of the proposed amendment to the district court").

## CONCLUSION

For these reasons, I recommend that defendants' motion [80] seeking dismissal of Elexco's cause of action for tortious interference with contractual relations be granted, without leave to replead. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 10, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:	April 23, 2012

                            /s/ Jeremiah J. McCarthy
                            JEREMIAH J. MCCARTHY
                            United States Magistrate Judge