UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELEXCO LAND SERVICES, INC.,

                            Plaintiff,

          v.                                      DECISION AND ORDER
                                                        11-CV-214

DAVID HENNIG and
INLAND GEOSERVICES LLC,

                            Defendants.

---

## Introduction

Plaintiff Elexco Land Services, Inc. commenced this breach of contract action against a former employee David Hennig and Inland Geoservices LLC in Supreme Court of the State of New York, Erie County. Defendants removed the case to this Court on March 14, 2011. Plaintiff has alleged that Defendant Hennig breached his employment agreement with Elexco when he started competing company Inland Geoservices and solicited Elexco clients. The causes of action alleged by Plaintiff include breach of contract, tortious interference with contractual relations, tortious interference with prospective contractual relations, unfair competition, breach of the duty of loyalty, and vicarious liability.[1]

---

[1] On May 29, 2012, this Court issued a Decision and Order granting Defendants' motion to dismiss Plaintiff's claim for tortious interference with contractual relations without leave to replead. The remaining causes of action remain pending against Defendants.

This case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §636(b)(1), on April 25, 2011. On September 9, 2011, Defendant Hennig moved for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, to dismiss Plaintiff's breach of contract claim on the ground that the non-compete and liquidated damages provisions in his employment agreement were unenforceable. Plaintiff filed a cross-motion for partial summary judgment on September 30, 2011. Plaintiff's motion requested denial of Defendant Hennig's motion and a declaration that the non-compete and liquidated damages provisions were reasonable and enforceable.

On December 28, 2011, Magistrate Judge McCarthy issued a Report and Recommendation recommending that Defendant Hennig's motion for summary judgment be granted to the extent that it seeks to declare the non-compete clause of the employment agreement to be unenforceable, but that it otherwise be denied. Magistrate Judge McCarthy further recommended that Plaintiff's cross-motion for partial summary judgment be denied. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review of the Report and Recommendation, and after reviewing the submissions of the parties, the Court adopts the proposed findings of the Report and Recommendation in their entirety.

**Discussion**

*Enforceability of the Non-Compete Agreement*

Plaintiff Elexco is a full service land company. Services offered by Elexco include land consulting services, renewable energy services, mapping services, title services, legal services and seismic support services. Defendant was employed as manger of the seismic support services group. Defendant was not involved in any other aspect of Elexco's business.

Defendant's employment agreement provided, in pertinent part, the following:

> Employee hereby agrees that employee will not, during the term of his employment, or for a period of eighteen (18) months after the termination thereof, engage directly or indirectly in a business similar to [Elexco's] business...[e]mployee further agrees that employee will not, during the term of his employment, or for a period of eighteen (18) months after the termination thereof, directly of indirectly, 1) induce any customers of Employer to patronize any similar business which compete with Employer; 2) canvas, solicit or accept any similar business from any customer of the Employer; 3) directly or indirectly request or advise any customers of the Employer to withdraw, curtail or cancel their business or services with Employer; or [sic] 4) directly or indirectly disclose to any person or corporation the name or address of any of the customers of Employer; 5) attempt to induce, or induce, any existing or former customers of the Employer to take any existing or future business from the Employer to the employee or any other third party or entity.

On September 13, 2009, Defendant provided 60 days notice of his intent to resign from Elexco.

Under New York law, "restrictive covenants which interfere with an

individual's ability to pursue [his] vocation after leaving a particular employer are disfavored, although not *per se* unenforceable". *See Webcraft Technologies, Inc. v. McCaw*, 674 F. Supp. 1039 (SDNY 1987); *American Broadcasting Cos., Inc. v. Wolf*, 52 N.Y.2d 394 (1981). Since "powerful considerations of public policy...militate against sanctioning the loss of a man's livelihood", covenants not to compete with a former employer are subject to an "overriding limitation of reasonableness." *Karpinski v. Ingrasci*, 28 N.Y.2d 45 (1971). Thus, a restrictive covenant may be enforced only if it is reasonable in time and geographic scope, necessary to protect the employer's legitimate interests, not harmful to the public and not unreasonably burdensome to the employee. *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 389 (1999).

    Here, Magistrate Judge McCarthy correctly found that the non-competition covenant contained in Defendant Hennig's employment agreement with Elexco was unenforceable since it far exceeded the scope of Elexco's legitimate business interest. The covenant as drafted contains no geographical restriction, is not limited to the seismic support services provided by Defendant during his employment, and is not limited to clients Defendant developed relationships with while employed by Elexco. Instead, it purports to restrict Defendant from engaging in any business that competes with Elexco. This would seem to apply not only to the entire seismic support services industry worldwide, but would also apply to services that Defendant did not provide during his employment with Elexco. *See*

4

*Silipos v. Bickel*, 2006 U.S. Dist. LEXIS 54946 (SDNY 2006) (New York courts rarely find worldwide restrictions reasonable in any context); *Heartland Securities Corp. v. Gerstenblatt*, 2000 U.S. Dist. LEXIS 3496 (2000) (finding restrictive covenants without any geographical limitations to be unreasonable).

Moreover, the covenant, as drafted, prevents Defendant from soliciting any of Elexco's customers regardless of whether Defendant had established relationships with those individuals, or performed services for them, while employed by Plaintiff. The covenant is clearly overbroad and cannot be enforced. *BDO Seidman v. Hirschberg*, 93 N.Y.2d 382, 392 (1999) (extending an anti-competitive covenant to an employer's clients with whom relationships with defendant did not develop through assignments to perform direct, substantive services constitutes a greater restraint than is necessary to protect an employer's legitimate business interest); *FTI Consulting, Inc. v. Graves*, 2007 U.S. Dist. LEXIS 55325 (SDNY 2007) (employer cannot extend non-solicitation restriction to clients with whom an employee did not have direct contact during the course of his employment).

*"Blue-Penciling" of the Agreement*

Plaintiff maintains that if the Court were to deem any aspect of Defendant's non-compete to be unenforceable, it should modify or "blue-pencil" that portion to comport with the law. Courts in this Circuit have cured unreasonable aspects of overbroad restrictive covenants through means of severance or partial

enforcement. *Unisource Worldwide, Inc. v. Valenti*, 196 F. Supp. 2d 269 (EDNY 2002). Thus, where the unenforceable portion is not an essential part of the agreement, and where an employer demonstrates an absence of overreaching, coercive use of dominant bargaining power, or other anti-competitive conduct, and has in good faith sought to protect a legitimate business interest, partial enforcement may be justified. *BDO Seidman*, 93 N.Y.2d at 394; *Karpinski*, 28 N.Y.2d at 45. However, this Court agrees with Magistrate Judge McCarthy's conclusion that Plaintiff has failed to demonstrate an "absence of overreaching" or that it "has in good faith sought to protect a legitimate business interest". Therefore partial enforcement or blue penciling is not a proper or appropriate remedy here. *See* Magistrate Judge McCarthy's Report Recommendation, pgs. 8-10 [Docket No. 69].

Moreover, even if Plaintiff could demonstrate the requisite good faith, this Court would still decline to partially enforce the agreement, since blue penciling the restrictive covenant in question would require the Court to essentially redraft the parties' contract. Simply put, this Court cannot conceive of a modification of the contract language that would render the restrictive covenant valid, without wholly rewriting it. *See Webcraft Technologies, Inc v. McCaw*, 674 F. Supp. 1039 (SDNY 1987) ("Since there is no geographical limitation in the contract herein, there is no restriction that is grammatically severable from other parts of the contract. Therefore, creation of a geographic limitation therein would amount to unwarranted

rewriting of the contract on the part of the Court"); *Lynch v. Bailey*, 275 A.D. 527 (1949) ("the restrictive covenant does not contain any terms which a court may consider....as divisible and thus hold it enforceable within reasonable limits...[t]he court therefore declines to redraft the contract for the parties"); *Earthweb, Inc. v. Schlack*, 71 F. Supp.2d 299 (SDNY 1999) (declining to exercise discretion to blue pencil a restrictive covenant where the agreement as a whole overreached).

### *Liquidated Damages*

Finally, the Court finds that the Magistrate Judge correctly concluded that the liquidated damages clause in agreement is not ambiguous and that its enforceability is not ripe for determination at this stage of the litigation, since Plaintiff has not yet sought specific liquidated damages for a particular breach of the employment agreement. *See* Magistrate Judge McCarthy's Report and Recommendation, pgs. 10-11 [Docket 69].

### **Conclusion**

For all of the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation and for the reasons stated herein, Defendant Hennig's partial motion for summary judgment is granted to the extent that it seeks to declare the non-compete clause of the parties' agreement unenforceable, but is denied in all other respects. Plaintiff Elexco's cross-motion for summary judgment is also denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 23, 2012